IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALEXANDER HARDY  )  |   |
|     Plaintiff, ) | |
| ) | |
| v.  ) | Case No. |
| ) | |
| CONVERGENT OUTSOURCING INC. ) | JURY TRIAL DEMANDED |
|     Defendant.  ) | |
| ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.    INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Alexander Hardy an individual consumer, against Defendant, Convergent Outsourcing Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.    JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C 1331. Venue in this District is proper in that the Defendant Convergent Outsourcing Inc transacts business in Montgomery, Alabama and the conduct complained of occurred in Montgomery, Alabama.

1

## III. PARTIES

3. Plaintiff, Alexander Hardy (hereinafter "Mr. Hardy"), is a natural person residing in Montgomery, Alabama. Mr. Hardy is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Upon information and belief, Defendant Convergent Outsourcing Inc. is a debt collection agency with its principal place of business located at 800 SW 39th St, STE 100, Renton WA, 98057.

5. Defendant Convergent Outsourcing Inc. is engaged in the collection of debt from consumers by using mail and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C 1692a(5) this alleged debt at issue arose from a transaction entered into primarily for personal, family or household purposes.

## IV. FACTS OF THE COMPLAINT

6. Defendant Convergent Outsourcing Inc., (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C 1692a(6).

7. On or about June 14th, 2023, the Plaintiff wrote the Debt Collector disputing the alleged debt owed to Sprint requesting validation of the debt. The Plaintiff notified the Debt Collector in his letter that the only convenient way to contact the consumer was via email.

8. On or about June 21, 2023, the letter was delivered via certified mail to the Debt Collector. The tracking number for this letter sent by the consumer is 9589071052700160370248.

9. On or about June 26, 2023, the debt collector responded to that letter in a way that they knew or should have known was inconvenient to the consumer by sending mail to the consumer's address stating "The debt was valid". This response was in violation of 15 U.S.C. §1692c(a)(1) by communicating with the consumer "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer."

10. Plaintiff has suffered actual damages because of the illegal debt collection communications by Defendant in the form of anger, anxiety, decreased ability to focus on tasks while at work, frustration, amongst other negative emotions, as well as damages to FICO scores.

## V. FIRST CLAIM FOR RELIEF
### (Defendant Convergent Outsourcing Inc.,)
### 15 U.S.C. §1692(c)

11. All preceding paragraphs are re-alleged.

12. The Debt Collector violated the FDCPA.

13. The Debt Collector's violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692c(a)(1) of the FDCPA by intentionally communicating in connection with collection of a debt from the Defendant at time and place known by Defendant to be inconvenient to Plaintiff.

14. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages, and cost.

## VI. <u>JURY DEMAND AND PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Mr. Hardy respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k(3);

E. For deletion of tradeline

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 10th day of August 2023.

/s/ Noelle Sillmon
**Noelle Sillmon**
Alabama Bar No.: 4074Y61Q
Pleadings2@thehawklegal.com
**THE HAWK LEGAL COLLECTIVE**
The Hawk Legal Collective
730 Peachtree Street NE, #570
Atlanta, GA 30308

Phone: (404) 439-9310

*Counsel for Plaintiff*